# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **NOREENA MEZA,**<br><br>    **Plaintiff,**<br><br>  v.<br><br>**EXPERIAN INFORMATION SOLUTIONS, INC.; TRANSUNION CORP.; and EQUIFAX, INC.;**<br><br>    **Defendants.** | **CASE NO. 1:19-CV-01303-AWI-SKO**<br><br>**ORDER REQUIRING PLAINTIFF TO SHOW CAUSE: (1) WHY EQUIFAX SHOULD NOT BE TERMINATED AS A DEFENDANT; AND (2) WHY CLAIMS AGAINST EXPERIAN AND TRANSUNION SHOULD NOT BE DISMISSED WITHOUT LEAVE TO AMEND**<br><br>**FEBRUARY 14, 2020 DEADLINE** |

*Pro se* Plaintiff Noreena Meza filed this action in Fresno County Superior Court on September 9, 2019 alleging violations of the Fair Credit Reporting Act ("FCRA") and various common law causes of action against Experian Information Solutions, Inc. ("Experian"), Transunion Corporation ("Transunion"), and Equifax, Inc. ("Equifax") (together, "Defendants" and individually, "Defendant"). Doc. No. 1-3. Transunion removed the action to this Court on September 17, 2019, Doc. No. 1, and on October 16, 2019, Equifax filed a motion to dismiss all of the claims against it. Doc. No. 14. Plaintiff agreed to an October 2, 2019 stipulation granting Equifax a 14-day extension to respond to the Complaint, Doc. No. 8, but did not oppose Experian's motion to dismiss. See Doc. Nos. 14 & 15.

On December 16, 2019, the Court entered an Order granting Equifax's motion in its entirety and dismissing all of the claims against Equifax on findings that the FCRA preempted

Plaintiff's common law claims and that the Complaint failed to allege facts sufficient to state a claim for violation of the FCRA under Rule 8 of the Federal Rules of Civil Procedure. Doc. No. 18. The Order also granted Plaintiff 30 days to file an amended complaint addressing the pleading defects identified in the Order. Doc. No. 18 at 14:14-17. It does not appear that Plaintiff's email address is registered with the Court's electronic filing system, so notice of the Order was served on Plaintiff by mail on December 16, 2019. <u>See</u> Doc. No. 18.

39 days have passed since the Order granting Equifax's motion to dismiss was entered and served. In that time, Plaintiff has not filed an amended complaint – or any other papers – with the Court. The Court, therefore, finds it appropriate to require Plaintiff to show cause in writing, no later than February 14, 2020, why leave to amend the Complaint should not be withdrawn and why Equifax should not be terminated as a Defendant in this action.

The Court also notes that the findings as to preemption and pleading defects on which the Court dismissed all claims against Equifax appear to be equally applicable to the claims against the other Defendants. The Court will, therefore, also require Plaintiff to show cause in writing, no later than February 14, 2020, why the claims against Transunion and Experian should not be dismissed without leave to amend at this juncture.

Plaintiff is advised that: (i) failure to timely comply with this Order as to Equifax will result in termination of Equifax as a Defendant in this action without further notice to Plaintiff; (ii) failure to timely comply with this Order as to Transunion will result in dismissal of all claims against Transunion with prejudice and termination of Transunion as a Defendant in this action without further notice to Plaintiff; and (iii) failure to timely comply with this Order as to Experian will result in dismissal with prejudice of all claims against Experian and termination of Experian as a Defendant in this action without further notice to Plaintiff. Failure to timely comply with this Order as to all three Defendants will result in all of the foregoing actions and closure of this case, without further notice to Plaintiff.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. No later than February 14, 2020, Plaintiff shall show cause in writing why leave to amend

the claims against Equifax should not be withdrawn and why Equifax should not be terminated as a Defendant in this action;

2. No later than February 14, 2020, Plaintiff shall show cause in writing why all claims against Transunion should not be dismissed without leave to amend, based on findings as to preemption and pleading defects in the Court's Order granting Equifax's motion to dismiss;

3. No later than February 14, 2020, Plaintiff shall show cause in writing why claims against Experian should not be dismissed without leave to amend, based on findings as to preemption and pleading defects in the Court's Order granting Equifax's motion to dismiss;

4. Failure to timely comply with this Order in full will have the consequences set forth above, up to and including closure of this case, without further notice to Plaintiff.

IT IS SO ORDERED.

Dated: January 23, 2020

_____
SENIOR DISTRICT JUDGE