# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **NOREENA MEZA,** | **CASE NO. 1:19-CV-01303-AWI-SKO** |
| **Plaintiff,** | |
| v. | **ORDER DISMISSING ALL CLAIMS AGAINST DEFENDANTS AND CLOSING CASE** |
| **EXPERIAN INFORMATION SOLUTIONS, INC.; TRANSUNION CORP.; and EQUIFAX, INC.;** | |
| **Defendants.** | |

## INTRODUCTION

Plaintiff Noreena Meza brought this action alleging claims under the Fair Credit Reporting Act ("FCRA") and California law against Experian Information Solutions, Inc. ("Experian"), Transunion Corp. ("Transunion") and Equifax Inc. ("Equifax") (together, "Defendants"). Equifax brought a motion to dismiss, which the Court granted with leave to amend. Meza failed to amend his claims against Equifax and failed to respond to an Order to Show Cause as to why his claims against Experian and Transunion should not also be dismissed. The Court will therefore dismiss all claims against each of the three Defendants with prejudice and close this case.

## BACKGROUND

Meza filed the Complaint in this action in Fresno Superior Court on September 9, 2019, alleging violations of the FCRA and various claims under California law against Experian, Transunion and Equifax. Doc. No. 1-3.

| | |
|---|---|
| 1 | Transunion removed the action to this Court on September 17, 2019, without opposition, |
| 2 | Doc. No. 1, and filed an Answer to the Complaint on October 1, 2019, denying liability and |
| 3 | alleging various affirmative defenses. Doc. No. 6. Experian filed an Answer to the Complaint, |
| 4 | denying liability and alleging various affirmative defenses, on October 9, 2019, Doc. No. 12, and |
| 5 | on October 16, 2019, Equifax filed a motion to dismiss all claims against it. Doc. No. 14. |
| 6 | The Court granted Equifax's motion to dismiss in its entirety on December 16, 2019 and |
| 7 | granted Meza 30 days from the date of electronic service of the corresponding Order to file an |
| 8 | Amended Complaint. Doc. No. 18 at 14:19-23. The Order was served on Meza by mail on |
| 9 | December 16, 2019. See Dec. 16, 2019 Docket Entry. To date, Meza has not amended his claims |
| 10 | against Equifax or otherwise responded to the Court's December 16, 2019 Order. |
| 11 | On January 23, 2020, the Court issued an Order requiring Meza to show cause by February |
| 12 | 14, 2020 why Equifax should not be terminated as a Defendant in this action and why claims |
| 13 | against Experian and Transunion should not be dismissed without leave to amend based on the |
| 14 | analysis set forth in the Court's December 16, 2019 Order dismissing Meza's claims as to Equifax. |
| 15 | Doc. No. 19. Specifically, the January 23, 2020 Order stated that "the findings … on which the |
| 16 | Court dismissed all claims against Equifax appear to be equally applicable to the claims against |
| 17 | the other Defendants" and that: |

> (i) failure to timely comply with this Order as to Equifax will result in termination of Equifax as a Defendant in this action without further notice to Plaintiff; (ii) failure to timely comply with this Order as to Transunion will result in dismissal of all claims against Transunion with prejudice and termination of Transunion as a Defendant in this action without further notice to Plaintiff; and (iii) failure to timely comply with this Order as to Experian will result in dismissal with prejudice of all claims against Experian and termination of Experian as a Defendant in this action without further notice to Plaintiff.

Id. at 2:12-25.

To date, Meza has not responded in any fashion to the Court's January 23, 2020 Order. As set forth below, the Court finds, in the absence of any contrary showing by Meza and based on further review of the Complaint in light of the Court's December 16, 2019 Order granting Equifax's motion to dismiss, that dismissal with prejudice of all claims against all three Defendants is warranted.

## **DISCUSSION**

In its October 16, 2019 motion to dismiss, Equifax argued that: (i) it is not a "consumer reporting agency" ("CRA") for purposes of the FCRA, Doc. 14-1, Arguments and Authorities, Part I; (ii) Meza failed to state an FCRA claim against it under Rule 8 of the Federal Rules of Civil Procedure, id., Arguments and Authorities, Part II; (iii) Meza's claims against it under California law are preempted by the FCRA; id., Arguments and Authorities, Part III; and (iv) Meza failed to allege facts showing a willful violation of the FCRA on Equifax's part. Id., Arguments and Authorities, Part IV.

In its December 16, 2019 Order granting Equifax's motion to dismiss, which is hereby incorporated into this Order by reference, the Court found that Meza had adequately alleged that Equifax is a CRA under the FCRA, Doc. No. 18, Analysis, Part I.a., but that Meza failed to state an FCRA claim against Equifax under Rule 8 because the Complaint mainly comprised "generalized and conclusory allegations" about the Defendants as a group and lacked factual allegations of wrongdoing specific to Equifax. See, e.g., Doc. No. 18 at 10:14-15 ("Because the allegations in the Complaint fail to attribute a reporting inaccuracy to Equifax, the Court GRANTS Equifax's motion to dismiss as to Meza's claim under 15 U.S.C. § 1681e."); 11:1-3 ("As set forth above, the Complaint lacks allegations attributing a reporting inaccuracy to Equifax. Equifax's motion to dismiss is therefore GRANTED as to claims under 15 U.S.C. § 1681i."); 12:14-16 ("These generalized and conclusory allegations lack any facts specific to Equifax and are, therefore, insufficient to support a reasonable inference that Equifax engaged in a willful violation of the FCRA.").

Further, the Court found that Meza's claims against Equifax under California law were preempted by the FCRA because the Complaint lacked factual allegations sufficient for the Court to infer "malice" or a "willful intent to injure" on the part of Equifax. Id. at 14:9-11 ("Even applying the relaxed standards applicable to *pro se* plaintiffs, the Court cannot reasonably infer 'malice' or a 'willful intent to injure' on Equifax's part from such generalized and conclusory allegations.").

The Complaint suffers from the same fatal defects with respect to both Transunion and

Experian. Indeed, there is no meaningful difference between the allegations in the Complaint as to Equifax and the allegations in the Complaint as to either Transunion or Experian: the "generalized and conclusory allegations" in the Complaint are, almost without exception, made against the Defendants as a group, with no meaningful attempt to distinguish among Transunion, Experian and Equifax at all. Therefore, consistent with the findings and analysis in the Court's December 16, 2019 Order granting Equifax's motion to dismiss, the Court finds that dismissal of all claims against Transunion and dismissal of all claims against Experian is warranted because: (i) the Complaint fails to state a claim under the FCRA as to Transunion or Experian, see Doc. No. 18, Analysis, Part I.b.; and (ii) all claims under California law – including Meza's putative claims for "Loss of Opportunity," "Defamation," "Negligence," "Intentional Infliction of Emotional Distress," and "Intentional Infliction of Willful Misconduct" – against Transunion and Experian are preempted by the FCRA because Meza has failed to allege facts showing "malice" or "willful intent to injure" as to either Transunion or Experian. See id., Analysis, Parts I.c. & II.

Further, given Meza's failure to amend his claims against Equifax or to respond to the Court's Order to Show cause in the time permitted, the Court finds that leave to amend claims against Equifax should be withdrawn. See Doc. No. 18 at 14:21-22; Doc. No. 19 at 2:26-3:12.

## **CONCLUSION**

For the foregoing reasons, leave to amend claims against Equifax is WITHDRAWN and all claims against each of the Defendants in this action are DISMISSED WITH PREJUDICE.

//
//
//
//
//
//
//
//
//

4

# **ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Leave to amend claims against Equifax is WITHDRAWN and all claims against Equifax are DISMISSED WITH PREJUDICE;
2. All claims against Transunion are DISMISSED WITH PREJUDICE;
3. All claims against Experian are DISMISSED WITH PREJUDICE;
4. All currently set dates and deadlines are VACATED; and
5. The Clerk of the Court is directed to CLOSE this case.

IT IS SO ORDERED.

Dated: __March 16, 2020__  _____
SENIOR DISTRICT JUDGE